IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-cv-00317-GCM

| | |
|---|---|
| ALEXANDER CHASE CONDOMINIUM ASSOCIATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

**ANSWER**

**DEFENDANT**, Philadelphia Indemnity Insurance Company ("Defendant" or "Philadelphia"), by and through its undersigned counsel, Goldberg Segalla LLP, hereby responds to the Complaint of Plaintiff, Alexander Chase Condominium Association, Inc. ("Plaintiff" or "Alexander Chase") as follows, upon information and belief:

**PARTIES**

1. Philadelphia denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "1" of the Complaint, and respectfully refers all questions of law to the Court.

2. Philadelphia denies the allegations set forth in Paragraph "2" of the Complaint except admits that Philadelphia is duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintains its principal place of business in Bala Cynwyd, Pennsylvania, and transacts business within the State of North Carolina.

## JURISDICTION & VENUE

3. The allegations set forth in Paragraph "3" of the Complaint contain conclusions of law to which no response is required. To the extent Philadelphia is required to respond to Plaintiff's conclusions of law, Philadelphia denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "3" of the Complaint, and respectfully refers all questions of law to the Court.

4. The allegations set forth in Paragraph "4" of the Complaint contain conclusions of law to which no response is required. To the extent Philadelphia is required to respond to Plaintiff's conclusions of law, Philadelphia denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "4" of the Complaint, and respectfully refers all questions of law to the Court.

5. The allegations set forth in Paragraph "5" of the Complaint contain conclusions of law to which no response is required. To the extent Philadelphia is required to respond to Plaintiff's conclusions of law, Philadelphia denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "5" of the Complaint, and respectfully refers all questions of law to the Court.

## FACTUAL ALLEGATIONS

6. Philadelphia denies the allegations set forth in Paragraph "6" of the Complaint, except admits that on or about February 13, 2019, Alexander Chase submitted a new property claim to Philadelphia, described as "Wind and Hail Damage Community Wide," and with a reported loss date of March 21, 2017, which was assigned Claim Number 1249847.

7. Philadelphia denies the allegations set forth in Paragraph "7" of the Complaint, except admits that Engle Martin & Associates, Envista Forensics, and J.S. Held, each provided

services in connection with Philadelphia's investigation and adjustment of March 21, 2017 claimed loss.

8. Philadelphia denies the allegations set forth in Paragraph "8" of the Complaint, except admits that inspections of the subject property were held on March 11, 12, and 13, 2019.

9. Philadelphia denies the allegations set forth in Paragraph "9" of the Complaint.

10. Philadelphia admits the allegations set forth in Paragraph "10" of the Complaint.

11. Philadelphia denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "11" of the Complaint, except admits that it issued to Plaintiff Commercial Lines Policy No. PHPK1829149, which in part provided first party property coverage to Plaintiff for the subject property, subject to the terms, conditions, limitations, and exclusions thereof, the content of which speaks for itself.

12. Philadelphia denies the allegations set forth in Paragraph "12" of the Complaint, in the form therein alleged.

13. Philadelphia denies the allegations set forth in Paragraph "13" of the Complaint, in the form therein alleged.

14. Philadelphia denies the allegations set forth in Paragraph "14" of the Complaint, in the form therein alleged.

15. Philadelphia denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "15" of the Complaint, except admits that Commercial Lines Policy No. PHPK1829149 was in effect on August 8, 2018.

16. Philadelphia denies the allegations set forth in Paragraph "16" of the Complaint, except admits that on October 21, 2019, it shared the J.S. Held estimate with Plaintiff, the content of which speaks for itself.

17. Philadelphia denies the allegations set forth in Paragraph "17" of the Complaint, except admits that on October 21, 2019, it shared the J.S. Held estimate with Plaintiff, the content of which speaks for itself.

18. Philadelphia denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "18" of the Complaint.

19. Philadelphia denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "19" of the Complaint.

20. Philadelphia admits the allegations in Paragraph "20" of the Complaint.

21. Philadelphia denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "21" of the Complaint, except admits that an inspection of the subject premises occurred on October 2, 2020.

22. Philadelphia denies the allegations set forth in Paragraph "22" of the Complaint, except admits that Plaintiff was provided with Envista's October 26, 2020 report, the content of which speaks for itself.

23. Philadelphia denies the allegations set forth in Paragraph "23" of the Complaint.

24. Philadelphia denies that it caused Plaintiff to suffer any recoverable damages, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the allegations set forth in Paragraph "24" of the Complaint.

25. Philadelphia denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "25" of the Complaint.

26. Philadelphia denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "26" of the Complaint, except admits that

4
Case 3:21-cv-00317-GCM   Document 5   Filed 08/06/21   Page 4 of 12

Plaintiff submitted what it described as a "Sworn Statement in Proof of Loss" on or about February 3, 2021.

27. Philadelphia denies the allegations set forth in Paragraph "27" of the Complaint, except admits that Philadelphia sent correspondence to Plaintiff on February 18, 2021, the content of which speaks for itself.

28. Philadelphia denies the allegations set forth in Paragraph "28" of the Complaint.

29. Philadelphia denies that it caused Plaintiff to suffer any recoverable damages, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the balance of the allegations set forth in Paragraph "29" of the Complaint.

30. Philadelphia denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "30" of the Complaint, except admits that by e-mail dated June 4, 2021, Plaintiff provided Philadelphia with a copy of a report from "Jerome Rufaro Redmond, PE", dated June 1, 2021, the content of which speaks for itself.

31. Philadelphia denies the allegations set forth in Paragraph "31" of the Complaint.

32. Philadelphia denies the allegations set forth in Paragraph "32" of the Complaint.

33. Philadelphia denies the allegations set forth in Paragraph "33" of the Complaint.

34. Philadelphia denies the allegations set forth in Paragraph "34" of the Complaint.

35. Philadelphia denies the allegations set forth in Paragraph "35" of the Complaint.

36. Philadelphia denies the allegations set forth in Paragraph "36" of the Complaint.

37. Philadelphia denies the allegations set forth in Paragraph "37" of the Complaint.

38. Philadelphia denies the allegations set forth in Paragraph "38" of the Complaint.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

39. Philadelphia repeats, reiterates, and incorporates each and every response set forth above in Paragraphs "1" through "38" of its Answer, responding to Paragraphs "1" through "38" of the Complaint, with the same full force and effect as if more fully set forth at length herein.

40. Philadelphia admits the allegations set forth in Paragraph "40" of the Complaint.

41. Philadelphia denies the allegations set forth in Paragraph "41" of the Complaint, inclusive of each and every allegation set forth in sub-paragraphs "a" through "h" of the Complaint.

42. Philadelphia denies the allegations set forth in Paragraph "42" of the Complaint.

43. Philadelphia denies the allegations set forth in Paragraph "43" of the Complaint.

## SECOND CLAIM FOR RELIEF
### Breach of the Covenant of Good Faith and Fair Dealing

44. Philadelphia repeats, reiterates, and incorporates each and every response set forth above in Paragraphs "1" through "43" of its Answer, responding to Paragraphs "1" through "43" of the Complaint, with the same full force and effect as if more fully set forth at length herein.

45. Philadelphia admits the allegations set forth in Paragraph "45" of the Complaint.

46. Philadelphia denies the allegations set forth in Paragraph "46" of the Complaint, inclusive of each and every allegation set forth in sub-paragraphs "a" through "k" of the Complaint.

47. Philadelphia denies the allegations set forth in Paragraph "47" of the Complaint.

## THIRD CLAIM FOR RELIEF
### Unfair Claims Settlement Practices
### And Unfair & Deceptive Trade Practices

48. Philadelphia repeats, reiterates, and incorporates each and every response set forth above in Paragraphs "1" through "47" of its Answer, responding to Paragraphs "1" through "47" of the Complaint, with the same full force and effect as if more fully set forth at length herein.

49. Philadelphia denies the allegations set forth in Paragraph "49" of the Complaint, inclusive of each and every allegation set forth in sub-paragraphs "a" through "q" of the Complaint.

50. Philadelphia denies the allegations set forth in Paragraph "50" of the Complaint.

51. Philadelphia denies the allegations set forth in Paragraph "51" of the Complaint.

52. Philadelphia denies the allegations set forth in Paragraph "52" of the Complaint.

53. Philadelphia denies the allegations set forth in Paragraph "53" of the Complaint.

54. Philadelphia denies the allegations set forth in Paragraph "54" of the Complaint.

55. Philadelphia denies the allegations set forth in Paragraph "55" of the Complaint.

56. Philadelphia denies the allegations set forth in Paragraph "56" of the Complaint.

57. Philadelphia denies the allegations set forth in Paragraph "57" of the Complaint.

58. Philadelphia denies the allegations set forth in Paragraph "58" of the Complaint.

59. Philadelphia denies the allegations set forth in Paragraph "59" of the Complaint.

60. Philadelphia denies the allegations set forth in Paragraph "60" of the Complaint.

**WHEREFORE**, Defendant Philadelphia Indemnity Insurance Company demands judgment dismissing Plaintiff's Complaint in its entirety, and with prejudice, together with such other and further relief as the Court may deem just and proper, including awarding Defendant Philadelphia Indemnity Insurance Company reasonable attorneys' fees, and taxing the costs of this action against Plaintiff.

## AFFIRMATIVE DEFENSES

## GENERAL DENIAL

Except as expressly admitted above, all allegations contained in the Complaint are expressly denied.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Philadelphia pleads all of the terms, conditions, definitions, exclusions and endorsements contained in the Policy in defense of the relief sought in the present action by Plaintiff. Philadelphia contends that the terms, conditions, definitions, exclusions and endorsements contained in the Policy preclude Plaintiff's recovery of the relief sought herein.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim for payment of its alleged damages under the Policy is precluded because of Plaintiff's failure to comply with the Loss Condition E.3. of the Policy, including but not limited to Loss Conditions E.3.a.(2), E.3.a.(3), E.3.a.(4), and E.3.a.(9) of the Policy.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is precluded based upon Plaintiff's failure to comply with Loss Condition 7.a.(2) of the Policy.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover the replacement cost of the alleged property damage pursuant to Loss Condition 7.a.(2) of the Policy, and is limited to the Actual Cash Value of the allegedly damaged property.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recovery of the full amount sought based upon Exclusion B.2.d. of the Causes of Loss Form, including but not limited to Exclusions B.2.d.(1), (2), and (4).

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery of the full amount sought based upon Exclusion B.3.c. of the Causes of Loss Form.

### EIGHTH AFFIRMATIVE DEFENSE

At all times, Philadelphia has acted timely and reasonably with the utmost good faith towards Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for Unfair and Deceptive Trade Practices (Third Claim for Relief) is based on the theory that Philadelphia improperly denied payment of all sums demanded by Plaintiff. However, Philadelphia properly investigated Plaintiff's claim and timely advised of the extent of coverage available for the property damage alleged. Because coverage was not afforded under the Policy for all losses alleged by Plaintiff, based upon the information and documents submitted by the Plaintiff to Philadelphia, Philadelphia could not have engaged in unfair and deceptive trade practices when it refused to issue payment in the amount demanded by Plaintiff. Accordingly, Plaintiff's claim for Unfair and Deceptive Trade Practices (Third Claim for Relief) should be dismissed as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege any substantially aggravating factors in connection with any alleged breach of the Policy by Philadelphia. Accordingly, Plaintiff's claim for Unfair and Deceptive Trade Practices (Third Claim for Relief) should be dismissed as a matter of law.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has not alleged with any specificity, and cannot show, a pattern and practice of conduct on the part of Philadelphia in support of the Plaintiff's Third Claim for Relief.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Second Claim for Relief violates Philadelphia's rights under the North Carolina Constitution and under the United States Constitution, including but not limited to the right to due process, inasmuch as this claim for relief attempts to hold Philadelphia liable for exemplary damages under a preponderance of the evidence standard.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege with sufficient specificity the conduct allegedly engaged in by Philadelphia that violates N.C. Gen. Stat. §75-1.1, et seq. Accordingly, Plaintiff's claim for Unfair and Deceptive Trade Practices (Third Claim for Relief) should be dismissed as a matter of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege with any specificity what damages were proximately caused by any conduct by Philadelphia that allegedly violated N.C. Gen. Stat. §75-1.1, et seq. Accordingly, Plaintiff's claim for Unfair and Deceptive Trade Practices (Third Claim for Relief) should be dismissed as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has a duty to read the Policy and to acquaint itself with its contents. To the extent that Plaintiff's claims are based on a misinterpretation of the coverage provided by the terms, conditions and provisions of the Policy, those claims are barred.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is entitled to payment of all sums demanded under the Policy, which Philadelphia denies, Philadelphia is entitled to a set-off or credit for any amounts that Plaintiff has received from any other insurance carrier.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Philadelphia hereby gives notice that it reserves the right, and does not waive any additional or further defenses that might be revealed by additional information and applicable to the claims brought in the Complaint.

**WHEREFORE**, having answered Plaintiff's Complaint, Defendant Philadelphia Indemnity Insurance Company pray for the following relief:

1. Dismissing Plaintiff's Complaint in its entirety, and with prejudice;

2. That Philadelphia recovers its costs in this action;

3. That Philadelphia's attorneys' fees in defending the Third Claim for Relief be taxed against the Plaintiff pursuant to N.C. Gen. Stat. §75-16.1(2);

4. For a trial by jury on all facts and issues so triable herein; and

5. For such other and further relief as the Court deems just and proper.

This the 6th day of August, 2021.

**GOLDBERG SEGALLA LLP**

/s/ David L. Brown
David L. Brown
N. C. State Bar #: 18942
701 Green Valley Road, Suite 310
Greensboro, NC  27408
Telephone:    336.419.4900
Facsimile:      336.419.4950
Email: dbrown@goldbergsegalla.com

*Attorney for Defendant*
*Philadelphia Indemnity Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of August, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF).

This the 6th day of August, 2021.

                    **GOLDBERG SEGALLA LLP**

                    /s/ David L. Brown
                    David L. Brown
                    N. C. State Bar #: 18942
                    701 Green Valley Road, Suite 310
                    Greensboro, NC  27408
                    Telephone:    336.419.4900
                    Facsimile:     336.419.4950
                    Email: dbrown@goldbergsegalla.com

                    *Attorney for Defendant*
                    *Philadelphia Indemnity Insurance Company*

12
Case 3:21-cv-00317-GCM   Document 5   Filed 08/06/21   Page 12 of 12